UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

|  |  |  |
|---|---|---|
| DANIE MORRIS, | ) | |
| | ) | |
| Petitioner, | ) | |
| | ) | |
| v. | ) | Civil Action No. 10-1330 (EGS) |
| | ) | |
| UNITED STATES, | ) | |
| | ) | |
| Respondent. | ) | |

## MEMORANDUM OPINION

This matter is before the Court on petitioner's *pro se* petition for a writ of mandamus and his application to proceed *in forma pauperis*. For the reasons stated below, the petition will be denied.

Petitioner, who currently is incarcerated at the Federal Correctional Institution in Fort Dix, New Jersey, demands his "immediate release [and the] expungement of all false disseminations of criminal records stemmed [sic] from false arrest, false malicious prosecution, false imprisonment and collusion[.]" Pet. at 1. Insofar as petitioner challenges his criminal conviction and current incarceration, he must present the matter to the sentencing court in a motion under 28 U.S.C. § 2255. See Ojo v. Immigration & Naturalization Serv.,106 F.3d 680, 683 (5th Cir. 1997) (sentencing court is the only court with jurisdiction to hear the defendant's complaint regarding errors that occurred before or during sentencing). Section 2255 provides specifically that:

> [a] prisoner in custody under sentence of a court established by Act of Congress claiming the right to be released upon the ground that the sentence was imposed in violation of the Constitution or laws of the United States, or that the court was without jurisdiction to impose such sentence, or that the sentence was in excess of the maximum

1

>authorized by law, or is otherwise subject to collateral attack, <u>may move the court which imposed the sentence to vacate, set aside or correct the sentence</u>.

28 U.S.C. § 2255(a) (emphasis added). Moreover, the ability to challenge a conviction by a motion to vacate sentence generally precludes a challenge by a petition for habeas corpus:

> [a]n application for a writ of habeas corpus in behalf of a prisoner who is authorized to apply for relief by motion pursuant to [28 U.S.C. § 2255], <u>shall not be entertained</u> if it appears that the applicant has failed to apply for relief, by motion, to the court which sentenced him, or that such court has denied him relief, unless it also appears that the remedy by motion is inadequate or ineffective to test the legality of his detention.

28 U.S.C. § 2255(e) (emphasis added). It is not clear that petitioner has sought relief under § 2255, or that the sentencing court has denied him relief under § 2255, or that any relief available to him under § 2255 is inadequate or ineffective to test the legality of his current incarceration.

The Court therefore will deny the petition and dismiss this action without prejudice. An Order is issued separately.

                                                                            /s/
                                        EMMET G. SULLIVAN
                                        United States District Judge

Date: October 7, 2010